**FILED  
CLERK**

12/9/2016 4:03 pm

**U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
----------------------------------------------------------------X  
JOSEPH ROMANO,

                     Plaintiff,

    -against-

CHARLES CARNESI, JOHN DOES, JANE DOES,  
sued in their individual capacities,

                    Defendants.  
----------------------------------------------------------------X

**ORDER**  
16-CV-5801(JMA)(AYS)

**AZRACK, District Judge:**

On October 7, 2016, incarcerated *pro se* plaintiff Joseph Romano ("plaintiff") filed an *in forma pauperis* complaint against Charles Carnesi ("Carnesi), and John and Jane Does, purporting to allege a deprivation of his constitutional rights in connection with an underlying federal criminal prosecution alleged to have occurred in 2010.[1]   The complaint was deficient because plaintiff did not file the required Prisoner Litigation Reform Act authorization form ("PLRA").   Accordingly, by Notice of Deficiency dated October 24, 2016, the Court apprised plaintiff to complete and return the enclosed PLRA in order to proceed with his complaint.   (See Docket Entry No. 4.)   On November 22, 2016, plaintiff filed the PLRA, albeit untimely.   (*See* Docket Entry No. 8.) Plaintiff also filed on November 22, 2016, a motion seeking the entry of a temporary restraining order and another application to proceed *in forma pauperis*.   (See Docket Entry Nos. 6-7.)

For the reasons that follow, the Court accepts the PLRA, grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C.

---

[1] By letter dated November 29, 2016 and submitted in response to the Court's October 31, 2016 Electronic Order, Plaintiff has advised the Court the underlying criminal case is under docket number 09-CR-170(JFB).   (See Docket Entry No. 9.)

1

§§ 1915(e)(2)(B)(ii), 1915A(b). Given the dismissal of the complaint, plaintiff's request for injunctive relief is denied as it is now moot.[2]

## I. BACKGROUND[3]

Plaintiff's sparse allegations seek to challenge the conduct of his attorney, Carnesi, during an underlying criminal proceeding in the Eastern District of New York. According to the complaint, Carnesi was "employed by plaintiff" as plaintiff's criminal defense attorney in an underlying federal criminal prosecution. (Compl. ¶ 3.) On September 28, 2010, plaintiff was coerced by Carneri to accept a plea. (*Id*. ¶ 4.) Plaintiff alleges that Carnesi wanted plaintiff to accept a plea because Carnesi was paid $350,000 by a witness for the prosecution, Dejuid Mirkovic ("Mirkovic"). (*Id*. ¶ 5.) Plaintiff claims that the District Court was made aware of this claimed conflict of interest on the record during proceedings on May 18, 2010. (*Id*. ¶ 6.) Accordingly, plaintiff seeks entry on an order stating, *inter alia*, that "Carnesi knowingly and willingly conspired with the attorneys of Mirkovic, Salvatore Romano (plaintiff's brother), Vincent Romano (plaintiff's brother) and others to beguile plaintiff into paying him $360,000 U.S.D. without any intention of defending Romano at trial . . ." (*Id.* at 4.) Plaintiff also seeks to recover a punitive damages award in the sum of $360,000 against Carnesi as well as any "other relief as it may appear that the plaintiff is entitled." (*Id*. at 5.)

---

[2] Plaintiff sought entry of an order directing that plaintiff be permitted to purchase stamps as needed in order for him to pursue this litigation.

[3] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

## II. DISCUSSION

### A. *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this actions without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

3

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Plaintiff's Biven's Claim**

Plaintiff alleges a deprivation of his Sixth Amendment right to the effective assistance of counsel in connection with his representation during a federal criminal prosecution. Such claim arises under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which recognizes an implied cause of action for damages against federal officers who violate a citizen's constitutional rights. "The only remedy available in a Bivens action is an award of monetary damages from defendants in their individual capacities." Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007). Because "the purpose of Biven's claim 'is to deter individual federal officers from committing constitutional violations,' there is no right of action against private [parties]." Storms v. Veterans of Foreign Wars of the United States, Inc., 15-CV-1038, 2016 WL 6462273, *5 (E.D.N.Y. Nov. 1, 2016) (quoting Corr. Servs, Corp. v. Malesko, 534 U.S. 61, 66, 70 (2001).

Here, Carnesi—the sole defendant—is alleged to be plaintiff's criminal defense attorney

4

in an underlying federal court criminal prosecution. Plaintiff alleges that he employed Carnesi, which suggests that Carnesi was privately retained. As a private attorney, Carnest does not act under color of federal law. However, even if Carnesi was appointed by the Court, plaintiff's Section 1983 claim would also fail because it is well established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Thus, because Carnesi is a private actor, he does not act under color of federal law. In addition, insofar as plaintiff seeks injunctive relief in addition to an award of damages, since a court may only award money damages on a Bivens claim, plaintiff's claims for injunctive relief are not plausible and are thus dismissed.

A Bivens claim against a private individual, such as Carnesi, is cognizable only where that individual is alleged to have acted under color of federal law. Storms, 2016 WL 6462273 at *5. Courts look to "the more developed body of law" involving claims brought pursuant to 42 U.S.C. § 1983 "for guidance on what constitutes 'color of federal law.'" Id. (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)). A private actor, such as Carnesi, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24.

To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)). Here,

5

as is readily apparent, plaintiff has not alleged any facts from which the Court could liberally construe joint action by Carnesi with a federal actor or that he conspired with a federal actor to deprive plaintiff of some constitutional right. Rather, plaintiff alleges in conclusory fashion that Carnesi "conspired with the attorneys of Mirkovic [and plaintiff's brothers.]" (Compl. at 4.) Thus, plaintiff has not alleged a plausible conspiracy claim. Because Carnesi is not a federal actor, there is no legal basis for a Bivens claim against him. Accordingly, claim against Carnesi fails as a matter of law, and it is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b).[4] In addition, plaintiff has included no allegations of conduct or inaction attributable to the unidentified John and Jane Doe defendants. Thus, plaintiff has not alleged a plausible claim against these defendants and such claims are likewise dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b).

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

---

[4] In addition, insofar as plaintiff seeks to challenge his conviction, such relief is unavailable in a Bivens action. A petition brought pursuant to 28 U.S.C. § 2255 is the exclusive avenue to bring such a challenge. Plaintiff has already filed such a petition and it is *sub judice*. (*See* 09-CR-170 Docket Entry No. 659.)

6

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaints. Because the deficiencies noted above could not be cured in an amended complaint, leave to file an amended complaint would be futile and is thus denied. The Clerk of the Court is directed to close this case.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   December 9, 2016
           Central Islip, New York

                                             _____
                                             Joan M. Azrack
                                             United States District Judge